15-1071-cv
*Levin v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

JEREMY LEVIN AND DR. LUCILLE LEVIN,

     *Petitioners-Appellants*,

       v.                                                     No. 15-1071-cv

UNITED STATES OF AMERICA,

     *Plaintiff-Counter-Defendant-Appellee*,

FIONA HAVLISH, INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF DONALD G. HAVLISH, JR., ET AL.,

     *Plaintiff-Appellee*,

STEVEN M. GREENBAUM ET AL.,

     *Consolidated Plaintiffs-Appellees*,

ESTATE OF MICHAEL HEISER ET AL.,

     *Claimants-Appellees*,

ALL RIGHT, TITLE, AND INTEREST OF ASSA
CORPORATION, ASSA COMPANY LIMITED, AND BANK
MELLI IRAN IN 650 FIFTH AVENUE COMPANY ET AL.,

   *Defendants-Appellees*,

ALL RIGHT, TITLE, AND INTEREST IN 650 FIFTH
AVENUE ET AL.,

   *Defendants-in-Rem.*

---

**FOR PETITIONERS-APPELLANTS:**   Don Howarth & Suzelle M. Smith,
Howarth & Smith, Los Angeles, CA.

**FOR CLAIMANTS-APPELLEES:**   Liviu Vogel, Salon Marrow Dyckman
Newman Broudy LLP, New York, NY.

**FOR THE UNITED STATES OF AMERICA:**  Michael D. Lockard, Martin S. Bell &
Anna M. Skotko, Assistant United States
Attorneys, *for* Preet Bharara, United States
Attorney for the Southern District of New
York, New York, NY.

   Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

   **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

   Petitioners-appellants Jeremy Levin and Dr. Lucille Levin (the "Levins") appeal from a March 12, 2015 order of the District Court (Katherine B. Forrest, *Judge*) denying their motion to intervene under Rules 24(a) and (b) of the Federal Rules of Civil Procedure. *See* Order on Mot. to Intervene, *In re 650 Fifth Ave.*, No. 08-CV-10934 (KBF) (S.D.N.Y. Mar. 12, 2015), ECF No. 1299 ("March 12 Order"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   The District Court held that (1) it "lack[ed] jurisdiction to entertain the Levins' motion to intervene because this case is currently on appeal before the Second Circuit," *id.* at 1; (2) the Levins' motion was untimely, *id.* at 2–4; and (3) the Levins "failed to show a direct, substantial, and legally

protectable interest in the" properties that were the subject of the action in which the Levins sought to intervene, *id.* at 4–5. We affirm on the second of these grounds, the only ground we need reach.[1]

"Because of the fact-intensive nature of an intervention decision, we review for 'abuse of discretion' a district court's order denying intervention as of right [under Rule 24(a)] or by permission [under Rule 24(b)]." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).[2] An abuse of discretion "occurs when (1) the court's decision rests on an error of law or clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible decisions." *CBS Broad. Inc. v. FilmOn.com, Inc.*, —F.3d—, 2016 WL 611903, at *9 (2d Cir. Feb. 16, 2016) (alterations and internal quotation marks omitted).

More specifically, whether a motion to intervene is timely is a "decision . . . entrusted to the district judge's sound discretion." *Floyd*, 770 F.3d at 1058 (internal quotation marks omitted). "[T]he timeliness requirement is flexible" and "defies precise definition," but "[f]actors to consider in determining timeliness include" the following:

> (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

*Id.* (internal quotation marks omitted).

Here, the District Court accurately recited this standard, and then applied it in a manner that yielded a conclusion we cannot say was not "located within the range of permissible decisions." *CBS Broad.*, 2016 WL 611903, at *9. As the District Court correctly found, "[t]he Levins knew or should have known for several years of their interest in" the properties at issue. Mar. 12 Order at 3. As early as December 2008, the Treasury Department publicized its "designation" of defendants-appellees

---

[1] We need not consider the District Court's holding that it lacked jurisdiction because "the Supreme Court has barred the assumption of hypothetical jurisdiction only where the potential lack of jurisdiction is a constitutional question." *United States v. Canova*, 412 F.3d 331, 344 (2d Cir. 2005) (internal quotation marks omitted). The jurisdictional question here relates not to a constitutional directive, but to "a judge made rule." *See United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) ("[T]he . . . divestiture of jurisdiction rule is . . . a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." (internal quotation marks omitted)); *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy . . . .").

[2] "'[A]buse of discretion' is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting." *Vill. of Freeport v. Barrella*, —F.3d—, 2016 WL 611877, at *7 (2d Cir. Feb. 16, 2016) (internal quotation marks omitted).

Assa Corp. and Assa Co. Ltd. "for being controlled by, and for acting for or on behalf of, Iran's Bank Melli, and for having provided financial support for, or services in support of, Bank Melli. Bank Melli was previously designated under [an executive order] . . . aimed at freezing the assets of proliferators of weapons of mass destruction." Press Release, U.S. Dep't of Treasury, *Treasury Designates Bank Melli Front Company in New York City* (Dec. 17, 2008). This designation received significant media attention, as did "the Justice Department['s] . . . initiati[on] [of] legal action to take control of the Assa Corporation's stake in [the property] and to seize funds from Assa's bank accounts." Anahad O'Connor, *Assets Seized at Company Suspected of Funneling Money to Iran*, N.Y. Times (Dec. 17, 2008). Additionally, the United States Attorney's Office for the Southern District of New York posted notice of this action on an official government website in December 2009. *See* A-481–85. Yet the Levins did not file their motion to intervene until February 4, 2015. *See* Mar. 12 Order at 3.

What is more, the Levins admit that, even under their own questionable assessment of when their "need . . . to move to intervene was triggered," it still took them eight or 10 months to do so. *See* Pet'rs' Br. at 21 (describing lapse of time as 10 months); Pet'rs' Reply Br. at 16 (describing lapse of time as eight months). In this Circuit, proposed intervenors have been "denied intervention when the lapse of time has been the same or less than in the case at hand." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 71 (2d Cir. 1994) (affirming district court's denial of motion to intervene as untimely where proposed intervenor had "actual knowledge for eight months before filing its motion").

The Levins argue that "[t]he district court was led into error when it found that [their] intervention would prejudice the current plaintiffs in that it would complicate the current settlement agreement between the judgment-creditor plaintiffs and the Government." Pet'rs' Br. at 27 (alterations and internal quotation marks omitted). But in so finding, the District Court relied on well-established Circuit law. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (affirming district court's denial of motion to intervene "where intervention would jeopardize a settlement between the existing parties"); *Pitney Bowes*, 25 F.3d at 72 ("[J]eopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit.").

Indeed, the facts of this case align closely with those underlying *In re Holocaust Victim Assets Litigation*, 225 F.3d 191 (2d Cir. 2000). In that case, "the parties engaged in extensive negotiations, lasting more than a year, before reaching an agreement. Once the parties submitted the written [s]ettlement . . . [,] [the intervenors] waited another eight months before moving to intervene." *Id.* at 198. We affirmed the district court's denial of the intervenors' motion, in large part because "intervention at th[at] late stage would [have] prejudice[d] the existing parties by destroying their [s]ettlement and sending them back to the drawing board." *Id.* at 199.

For all of these reasons, we conclude that the District Court did not abuse its discretion in denying the Levins' motion to intervene as untimely.

4

## CONCLUSION

We have considered all of petitioners-appellants' other arguments on appeal and found them to be without merit. Accordingly, we **AFFIRM** the District Court's March 12, 2015 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk